IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

Edward Charles Foreman,

    Plaintiff,

v.

    Case No. 2:10–cv–1008

    Judge Michael H. Watson
Commissioner of Social     Magistrate Judge Kemp
Security,

    Defendant.

## OPINION AND ORDER

Plaintiff, Edward Charles Foreman, brings this action under 42 U.S.C. §405(g) seeking review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and social security disability benefits. This matter is before the Court for consideration of Plaintiff's Objection, ECF No. 15, to the Magistrate Judge's Report and Recommendation, ECF No. 14, recommending that the Court affirm the decision of the Commissioner denying benefits. The Commissioner has filed a response to Plaintiff's objections, ECF No. 17, and Plaintiff has filed a reply, ECF No. 18. For the reasons stated below, the Court **OVERRULES** Plaintiff's Objection, **ADOPTS** the Report and Recommendation, and **AFFIRMS** the Commissioner's decision.

I.

The basic facts of this case, including Plaintiff's testimony at the administrative hearing, the medical records, and the testimony of a vocational expert, are accurately summarized in the Report and Recommendation, and the objections do not take issue

with that summary. Briefly, at the time of the administrative hearing, Plaintiff was a fifty-seven-year-old man who had an eleventh grade education and a work background as a sales representative and sales manager for Hostess Cake, and who then acquired his own Pepperidge Farm franchise. Medical records showed that he had various ailments, including high blood pressure, arthritis, degenerative joint disease, gastroesophageal reflux disease (GERD), sleep apnea, and an adjustment disorder with mixed anxiety and depressed mood. He had a heart attack in 2008 and was hospitalized for depression in 2009.

The key evidence relied on by the Administrative Law Judge ("ALJ") was a report from a state agency reviewer, Dr. Jerry McCloud. In an opinion dated July 11, 2007, Dr. McCloud concluded that Plaintiff could do essentially a full range of medium work. That opinion conflicts with a report from Plaintiff's treating physician, Dr. Koch, who said that Plaintiff was unable to walk for more than five minutes at a time and needed to have both a cane and a TENS unit with him all the time. Another physician, Dr. Schlessel, who saw plaintiff a few times in 2006, expressed a similar opinion in 2010.

At the administrative hearing, a vocational expert was asked to assume that plaintiff could do a full range of medium work. With this assumption, he testified that Plaintiff could return to his past employment. Plaintiff's primary argument was, and is, that Dr. Koch's view of his physical abilities should have been credited, although he also raises issues about the way in which the ALJ dealt with another opinion, that of Dr. Schlessel, who was an examining physician; the fact that it was medically necessary for him to walk with a cane; and the ALJ's refusal to recognize Plaintiff's fibromyalgia as a severe impairment. He also disputes the ALJ's finding that his testimony at the

administrative hearing was not totally credible. His objections, which total some 27 pages, including exhibits, basically ask the Court to review de novo every issue which he raised in his statement of errors.

## II.

If a party objects within the allotted time to a report and recommendation, the Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed.R.Civ.P. 72(b). Upon review, the Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

The Court's review "is limited to determining whether the Commissioner's decision 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Ealy v. Comm'r of Soc. Sec.*, 594 F.3d 504, 512 (6th Cir. 2010) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); see also, 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive"). Put another way, a decision supported by substantial evidence is not subject to reversal, even if the reviewing court might arrive at a different conclusion. *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986). "Substantial evidence exists when 'a reasonable mind could accept the evidence as adequate to support a conclusion [and] ... presupposes that there is a zone of choice within which the decision-makers can go either way, without interference by the courts.'" *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 406 (6th Cir. 2009) (internal citation omitted). Even if supported by substantial evidence, however, "'a decision of the

Commissioner will not be upheld where the [Commissioner] fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.' " *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir.2009) (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir.2007).

## III.

The first issue before the Court is whether the ALJ erred by rejecting Dr. Koch's evaluation and accepting Dr. McCloud's. The Magistrate Judge analyzed this issue in part as follows:

> Here, at least as far as Dr. Koch is concerned, the ALJ both had and articulated valid reasons for discounting his opinion. Dr. Koch imposed severe limitations on plaintiff's ability to do any physical activities. As the ALJ noted, there are simply no objective tests, clinical findings, or other support for that type of limitation. The reports from the specialists to whom plaintiff was referred do not appear to suggest such severe limitations, and, as the ALJ also noted, plaintiff testified to daily activities that are inconsistent with Dr. Koch's views. Clearly, no error was committed when the ALJ decided not to give Dr. Koch's views controlling or even significant weight

Report and Recommendation 9–10, ECF No. 14. Although a treating physician's opinion is usually entitled to weight substantially greater than that of a non-examining medical advisor or a physical who saw plaintiff only once, such weight depends on whether the treating physicians's opinion is supported by sufficient medical data and is consistent with other evidence in the record. 20 C.F.R. § 404.1527(d)(2); *Cole v. Astrue*, 661 F.3d 931 (6th Cir. 2011). Here, the ALJ stated Dr. Koch's opinion was both not based on sufficient medial data and undermined by contradictions in the record. Accordingly, the ALJ appropriately stated valid reasons for disregarding Dr. Koch's opinion.

In his objection, Plaintiff also argues that Dr. McCloud's assessment of his physical capabilities is unreliable because it predated his heart attack. He also asserts that Dr. McCloud appeared to disregard evidence in the record that he had degenerative changes at the L4-5 level (Dr. McCloud noted only the presence of such changes at the L5-S1 level) and evidence of spinal stenosis. Finally, he notes that Dr. McCloud is not listed as a heart specialist nor is he an orthopedic specialist, and that due to the date of his report, it is apparent that he did not review the entire record, which includes the results of examinations or procedures done after July 11, 2007.

The ALJ certainly recognized that Dr. McCloud did not have the benefit of the records concerning Plaintiff's heart attack, because that had not occurred when Dr. McCloud expressed his opinion. However, Plaintiff did not report any symptoms from his heart attack which affected his ability to work, such as chest pain or shortness of breath. Rather, he testified that pain in his back, right leg, hands, shoulders and neck, and accompanying headaches, prevented him from working. The ALJ also noted that additional cardiac testing after the heart attack showed no evidence of ischemia or reocclusion of the stents, and no physician—including Dr. Koch—expressed the opinion that any residuals from the heart attack caused a limitation in Plaintiff's ability to work. His ejection fractions after treatment have been at 55% or above. On this record, it was not unreasonable for the ALJ to find that although the heart attack may have qualified as a severe impairment, its impact on Plaintiff's ability to do work-related activities was not significant for work at the medium exertional level, and that Dr. McCloud's assessment of Plaintiff's physical capacity was still valid.

In the second part of his objections, Plaintiff continues to assert that the opinions

of Drs. Koch and Schlessel were improperly rejected. In particular, he repeats his argument that the ALJ simply did not discuss Dr. Schlessel's report at all, and that this failure is not harmless error. He also contends that there was enough objective support for Dr. Schlessel's report to have prevented the ALJ from rejecting it as unsupported.

The Report and Recommendation viewed this argument as presenting a close issue. Dr. Schlessel was not a long-time treating physician (he saw Plaintiff three times at most) and the only treatment he prescribed was some pain medication. He did perform some tests, but they predated the opinion which Plaintiff relies on by more than three years. Further, those tests included x-rays which showed only some degenerative changes in the second and third metacarpal joints in the wrists and hands bilaterally, laboratory results described as "unremarkable," and some tender points and limited range of motion and paralumbar tenderness on examination. The only impression he formed at the time of the examination was chronic muskuloskeletal pain; everything else he referred to was a "suggestion," such as fibromyalgia, osteoarthritis, probable CPPD (calcium pyrophosphate dihydrate disease), or chronic lower back pain. Tr. 219. And as the Report and Recommendation noted, Dr. McCloud had the benefit of Dr. Schlessel's notes when he rendered his opinion, and specifically referred to the x-ray studies and to the October 2006 narrative report which indicated that no inflammatory arthritis was present. Dr. Schlessel did not perform any tests, or examine Plaintiff, at any time between 2006 and the date he prepared his report (which was done on a "check the box" type form) on February 19, 2010. Further, he did not explain on that form how he correlated his essentially normal test findings and minimal findings on examination to a residual functional capacity which precluded any type of work

activity, even sedentary.

Although the Court agrees that it would have been better had the ALJ more directly addressed this report, the fact that the ALJ clearly credited Dr. McCloud's interpretation of the same records, the fact that Dr. Schlessel was much closer to a one-time examining physician than a treating physician, and the fact that the ALJ provided a rationale for rejecting much the same assessment from Dr. Koch, all confirm that the ALJ's decision not to give Dr. Schlessel's views substantial weight (which is clearly the case) finds substantial support in the record, and that a remand solely for the purpose of having the ALJ address with more particularity why he did not find Dr. Schlessel's report persuasive would be an exercise in futility. Under *Wilson v. Comm'r of Social Security*, 378 F.3d 541, 544 (6th Cir. 2004), that type of remand is not warranted.

The next issue raised in Plaintiff's objections relates to his use of a cane. He argues that although the record does not actually contain any medical note indicating that a cane had been prescribed, Dr. Schlessel's report states that he needed to use one, and that there are various reports in the record noting that Plaintiff was actually using a cane. He contends that the use of a cane is inconsistent with the ability to do medium work, and that it was therefore error for the ALJ to find that he could do so.

The ALJ found that a cane had not been prescribed. That finding does have substantial support in the record; even though Dr. Schlessel stated in his February 2010 report that plaintiff needed a cane, that report was made more than three years after he examined plaintiff, and his examination notes make no mention of the need to use a cane. In fact, they make no mention of any gait abnormalities at all, nor do they reflect

that plaintiff was using a cane at that time. As the ALJ noted, other treatment notes do not show any difficulties which would require the use of a cane. Where the evidence on this type of issue conflicts, it is the ALJ's task, and not the Court's, to resolve conflicts in the evidence. *See Gaffney v. Bowen*, 825 F.2d 98, 100 (6th Cir. 1987) (in a social security appeal, "the court may not try the case de novo, nor resolve conflicts in evidence..."). Thus, the Court has no basis for overturning the ALJ's finding on this issue.

Plaintiff next argues that the ALJ did not properly evaluate his credibility and did not have sufficient reasons for discounting his testimony about potentially disabling symptoms. In particular, he cites to various portions of the record showing that he has reported difficulty in performing daily activities such as grocery shopping or performing household chores, and contends that the ALJ should have credited this evidence rather than citing to his daily activities as evidence that his testimony was not fully credible. He also points to evidence in the record that he has taken various pain medications and underwent pain management, and that this should also have factored into the ALJ's credibility decision.

After citing to *Walters v. Commissioner of Social Security*, 127 F.3d 525, 531 (6th Cir. 1997) and *Felisky v. Bowen*, 35 F.3d 1027, 1036 (6th Cir. 1994), for the proposition that the ALJ's credibility determinations are entitled to "great weight and deference" so long as the ALJ clearly states reasons, based on the record, for discounting a claimant's testimony, the Report and Recommendation reasoned as follows:

> Here, the ALJ explained his credibility finding as follows. First, he

> concluded that the objective medical evidence did not support plaintiff's claim of debilitating pain, noting the relatively benign findings on most objective tests and clinical examinations, which contradicted not only plaintiff's testimony but Dr. Koch's opinion that plaintiff could walk for only five minutes at a time. He also noted that plaintiff had not been recommended for surgery and was treated "primarily" by over the counter medications, and that he had not done any physical therapy or strengthening exercises despite recommendations that he do so. Tr. 41. Finally, the ALJ described plaintiff's daily activities as inconsistent with total disability, noting that plaintiff "is able to cook, do the dishes, laundry, vacuum, make the beds and perform light housekeeping" and can "read, write, drive, and independently bathe and dress himself and attend to his own personal hygiene." Further, he "regularly visits with family and friends and attends school functions, namely T-ball and baseball games being played by his grandchildren." Tr. 42.

Report and Recommendation 15, ECF No. 14.

Each of the factors cited by the ALJ finds support in the record. Again, what Plaintiff seeks to have this Court do is substitute a different finding for that made by the ALJ even if the ALJ's finding is based on substantial evidence. This the Court may not do; " [i]f the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). That is the case here.

Plaintiff's only other argument is that the hypothetical question posed to the vocational expert was improper because it assumed that Plaintiff could perform a range of medium work. The Court has found no error in the ALJ's determination that Plaintiff could do so. Consequently, the hypothetical question was proper.

## IV.

For these reasons, plaintiff's objections, ECF No. 15, to the Report and Recommendation of the Magistrate Judge, ECF No. 14, are **OVERRULED**, and the Report and Recommendation is **ADOPTED**. The plaintiff's statement of errors, ECF 9,

is **OVERRULED**, the decision of the Commissioner is **AFFIRMED**, and the Clerk is directed to enter judgment in favor of the defendant.

**IT IS SO ORDERED.**

*/s/ Michael H. Watson*
**MICHAEL H. WATSON, JUDGE**
**UNITED STATES DISTRICT COURT**